# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARIA JOSEPH** | **CASE NO. 6:17-CV-01468** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **RONALD DOUCET ET AL** | **MAGISTRATE JUDGE HANNA** |

## ORDER

Before the Court is the Motion to Set Aside Default filed by Arthur Phillips, pro se Defendant. (Rec. Doc. 33). No oppositions have been filed. For the following reasons, the Motion is GRANTED, and the default entered against Arthur Phillips is hereby set aside.

Plaintiff filed suit on November 7, 2017 against Ronald Doucet, individually and in his capacity as Ville Platte City Marshal arising out of an alleged incident on May 5, 2017 involving Arthur Phillips, a deputy with the Ville Platte Marshal's office. (Rec. Doc. 1). Plaintiff amended the Complaint on January 22, 2018 to name Arthur Phillips as a defendant. (Rec Doc. 9). Plaintiff effected service upon Arthur Phillips on June 18, 2018. (Rec. Doc. 14). After a series of procedural deficiencies, Plaintiff moved for default against Phillips on April 29, 2019. (Rec. Doc. 31). The Clerk entered default on the same day (Rec. Doc. 32). Arthur Phillips filed a Motion to Set Aside Default on May 7, 2019. (Rec. Doc. 33).

F.R.C.P. Rule 55 governs default judgments and states that the court may set aside an entry of default for good cause. Rule 55(c). The Fifth Circuit set forth the general standard applicable to setting aside the entry of default as follows:

> [F]ederal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."
>
> To determine whether good cause to set aside a default exists—a "decision necessarily ... informed by equitable principles"—"we have found it useful to consider three factors ... [:] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default."

*Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000) (Citations omitted.)

Mr. Phillips, who is not represented by counsel, filed his Motion to Set Aside Default setting forth in great detail his version of the incident. Although he did not precisely explain the grounds for failing to timely respond to the lawsuit, the Court finds that good cause exists for setting aside the entry of default and allowing the matter to proceed on the merits. Mr. Phillips appears to set forth an arguably meritorious defense. Further, Mr. Phillips filed his Motion within one week of the entry of default. Accordingly,

IT IS ORDERED that the entry of default against Arthur Phillips be set aside.

Signed at Lafayette, Louisiana on this 14th day of June, 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE